UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BEVERLY OBASEKI,<br><br>　Plaintiff,<br><br>　　v.<br><br>FANNIE MAE,<br><br>　Defendants. | Civil Action No. 11-414 (CKK) |

MEMORANDUM OPINION
(January 17, 2012)

Plaintiff Beverly Obaseki filed suit against her former employer, Defendant Fannie Mae, alleging she was discriminated against on the basis of her race and terminated in retaliation for her discrimination complaints, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Defendant moved to dismiss, or in the alternative, to compel arbitration. Def.'s Mot. to Dismiss or, in the Alternative, Mot. to Compel Arbitration, ECF No. [7] ("Def.'s Mot."). Plaintiff, proceeding *pro se*, filed a timely opposition. Pl.'s Opp'n, ECF No. [9]. For the reasons stated below, Defendant's motion is GRANTED IN PART and DENIED IN PART. Defendant's motion to dismiss for failure to timely file the complaint is GRANTED. Defendant's motion to compel arbitration is DENIED AS MOOT.

**I. BACKGROUND**

After several years of contract employment with Defendant, Plaintiff became a full time Level II Administrative Assistant at Fannie Mae in June 2001. Compl. at 3. Plaintiff filed a charge of racial discrimination with the Equal Employment Opportunity Commission ("EEOC") in September 2005, alleging Defendant failed to promote Plaintiff because of her race. *Id.* at 5.

Defendant terminated Ms. Obaseki's employment on March 22, 2006, which Plaintiff alleges was in retaliation for filing the September 2005 EEOC complaint. *Id.* Plaintiff filed a charge of retaliatory discharge with the EEOC in September 2006. The EEOC initially dismissed Plantiff's charges and issued a notice of Plaintiff's right to sue Defendant ("right to sue letter") in October 2008. Def.'s Ex. 1. The letter indicated Plaintiff was required to file suit within ninety days of receipt of the letter. *Id.* Six months later, the EEOC issued a Notice of Intent to Reconsider. *See* Def.'s Mot. at 3; Pl.'s Ex. 1; Pl.'s Opp'n at 2. The EEOC subsequently requested additional information from the parties, and issued its revised determination on July 15, 2010. Pl.'s Ex. 2 (06/22/2009 Ltr C. Bell to D. Stewart, Associate General Counsel for Fannie Mae). The EEOC found the timing of Plaintiff's discharge was "sufficient to create an inference that she was unlawfully terminated from her employment because she had filed a charge of discrimination." Obaseki Decl., Ex. 3 at 1. Fannie Mae declined to conciliate, and the EEOC issued Plaintiff a second right to sue letter on September 29, 2010. Compl. at 5; Obaseki Decl., Ex. 1. The second letter also contained the admonition that Plaintiff must file suit within ninety days. Obaseki Decl., Ex. 2.

Plaintiff alleges she received the second right to sue letter on October 4, 2010. Obaseki Decl. ¶ 3. Plaintiff mailed her complaint, application to proceed *in forma pauperis* ("IFP"), and other attachments to the Court on December 20, 2010 (*id.* at ¶ 5), which the Clerk of Court received on December 21, 2010. *See* Compl. at 1. The Court denied Plaintiff's IFP application on January 19, 2011. Obaseki Decl., Ex. 6. Plaintiff does not remember when she received notification from the Clerk that her application had been denied, but believes "it was no earlier than January 29, 2011 and probably [] during the week of January 31, 2011." Obaseki Decl. ¶ 7.

Plaintiff resubmitted her complaint along with the filing fee via courier, which the Court received on February 22, 2011.  *Id.* at ¶¶ 12-13.

## II.  LEGAL STANDARD

Although Defendant's motion is styled as a motion to dismiss pursuant to Rule 12(b)(6), Rule 12(d) provides "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Both parties rely on evidence outside the pleadings.  Therefore the Court will treat Defendant's motion to dismiss as a motion for summary judgment.  *Colbert v. Potter*, 471 F.3d 158, 167-68 (D.C. Cir. 2006); *Ahuja v. Detica Inc.*, 742 F. Supp. 2d 96, 103 (D.D.C. 2010) ("[I]n an abundance of caution and consistent with this Court's prior practice, the Court shall convert the abovementioned motion[] to dismiss to [a] motion[] for summary judgment.").

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).  When considering a motion for summary judgment, the court may not make credibility determinations or weigh the evidence; the evidence must be analyzed in the light most favorable to the nonmoving party, with all justifiable inferences drawn in his favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  "If material facts are at issue, or, though undisputed, are susceptible to divergent inferences, summary judgment is not available."  *Moore v. Hartman*, 571 F.3d 62, 66 (D.C. Cir.

2009) (citation omitted).

## III.  DISCUSSION

Defendant moves to dismiss Plaintiff's complaint on the basis that the Complaint was untimely filed under section 2000e-5(f)(1).[1]  Specifically, Defendant contends the Complaint is untimely for two reasons: (1) Plaintiff failed to file suit within 90 days after the initial right to sue letter was issued by the EEOC in 2008; and (2) Plaintiff failed to file suit within 90 days after the second right to sue letter was issued in 2010.  In the alternative, Defendant moves to compel arbitration.  Because the Defendant is correct that Plaintiff did not timely file her complaint, the Court does not reach the issue of arbitration.

*A.     2008 Right to Sue Letter*

Section 2000e-5(f)(1) provides that if the EEOC decides not to file suit in response to a charge of discrimination, the EEOC must provide the individual who filed the charge that the EEOC will not proceed, and that individual may file suit "within ninety days after the giving of such notice."  This time limit is not jurisdictional, but rather functions like a statute of limitations, subject to waiver, estoppel, and equitable tolling.  *Colbert v. Potter*, 471 F.3d 158, 167 (D.C. Cir. 2006).  The analysis in this case is slightly more complicated because the EEOC issued Plaintiff a right to sue letter, then reconsidered its initial decision, and ultimately issued Plaintiff a second right to sue letter.  EEOC regulations provide that if the EEOC issues a notice of its intent to reconsider within 90 days after a right to sue letter is issued, and "the charging party has not filed suit . . . the notice of intent to reconsider will vacate the dismissal or letter of

---

[1] Unless otherwise indicated, all section references are to Title 42 of the United States Code.

determination and revoke the notice of right to sue." 29 C.F.R. § 1601.21(b)(1).[2] Where, as in this case,

> the 90 day period has expired [or] the charging party has filed suit, . . . the notice of intent to reconsider will vacate the dismissal or letter of determination, *but will not revoke the notice of right to sue*. After reconsideration the Commission will issue a determination anew. In those circumstances where the notice of right to sue has been revoked, the Commission will, in accordance with § 1601.28, issue a notice of right to sue anew which will provide the charging party with 90 days within which to bring suit.

*Id.* (emphasis added). Thus, the EEOC's reconsideration of its determination does not trigger a new 90 day period unless the notice of intent to reconsider was issued within the original 90 day period. The Court of Appeals upheld this approach in *Dougherty v. Barry*, 869 F.2d 605 (D.C. Cir. 1989). In *Dougherty*, the EEOC initially determined there was no cause to support the charge, and issued a right to sue letter to the plaintiffs on April 23, 1981. *Id.* at 607-08. On May 10, 1982, the EEOC notified plaintiffs it was reconsidering the earlier determination, and revoked the initial right to sue letter. *Id.* at 608. Five weeks later, several of the plaintiffs filed suit. *Id.* In July 1982, the EEOC issued a new determination finding probable cause, and referred the matter to the Department of Justice, which decided not to file suit. *Id.* The Justice Department then issued a second right to sue letter, and the remaining plaintiffs filed suit within 90 days of receiving the Department of Justice's letter. *Id.* The Court of Appeals, applying a nearly identical regulation applicable to reconsideration of dismissals or reasonable cause findings, held that "[b]ecause the EEOC notified appellees of its intent to reconsider its dismissal

---

[2] Defendant's motion cite 29 C.F.R. § 1601.19(b), which utilizes nearly identical language and governs reconsideration of "a final determination of no reasonable cause." Because the 2008 right to sue letter indicates Plaintiff's charge was dismissed, section 1601.21(b)(1) governs. *See* Def.'s Ex. 1 at 1.

5

over one year after it issued the first right to sue notice, the Commission's reconsideration did not revive appellee's right to sue." *Id.* at 610.

The *Dougherty* case controls the outcome in this case. The EEOC issued its initial right to sue letter to Plaintiff on October 2, 2008 (Def.'s Ex. 1), which Plaintiff received on October 9, 2008 (Pl.'s Ex. 1 (1/6/2009 Ltr C. Stewart to Director of EEOC, Birmingham District Office), at 1). Plaintiff had 90 days, or until January 7, 2009, to file suit. Rather than file suit, Plaintiff asked the EEOC to reconsider its decision. Although neither party provided the Court with the EEOC's Notice of Intent to Reconsider, Plaintiff does not dispute Defendant's assertion that the Notice was dated April 20, 2009. Since the EEOC did not move to reconsider until after the initial time frame for Plaintiff to file suit, the EEOC's reconsideration did not revive the ninety day limit, and Plaintiff's suit is untimely.

Plaintiff devotes most of her Opposition to showing the Complaint was filed within ninety days of the *second* right to sue letter. Plaintiff dismisses Defendant's theory, stating that the initial right to sue letter was subsequently revoked. Pl.'s Opp'n at 2. However, *Dougherty* indicates that even if the EEOC purports to revoke the right to sue letter, according to the EEOC's regulations, that revocation is ineffective if made after the ninety day period elapses. 869 F.2d at 608. The only substantive argument Plaintiff makes with regards to the 2008 letter is that Fannie Mae cooperated with the renewed EEOC proceedings and provided additional information when requested in 2009. *See* Pl.'s Opp'n at 3. However, the EEOC did not request additional information from Defendant until June 22, 2009, over nine months after the EEOC issued the initial right to sue letter to Plaintiff. Pl.'s Ex. 2. Regardless of what Defendant chose to do after the 90 day time period expired, it does not excuse Plaintiff's own failure to file suit

with the applicable time limit.

   *B.   2010 Right to Sue Letter*

Assuming for the sake of argument that the EEOC's decision to reconsider its dismissal of Plaintiff's charge did in fact revive her right to sue, the Court would still be compelled to dismiss Plaintiff's Complaint as untimely. After the Defendant declined to conciliate Plaintiff's charge in the summer of 2010, the EEOC issued Plaintiff a right to sue letter dated September 29, 2010. Plaintiff "believes" she received the letter on October 4, 2010, consistent with the presumptive time frame for receipt the Court would otherwise apply. *Nkengfack v. Am. Ass'n of Ret. Persons*, No. 11-530, 2011 WL 4894227, at *3-4 (D.D.C. Oct. 14, 2011). Plaintiff then had until January 2, 2011 to file suit. Plaintiff mailed her complaint, application to proceed IFP, and other documents to the Court, which the Clerk of Court received on December 21, 2010, twelve days before the ninety day time period expired. It is well settled that submission of a complaint along with an application to proceed IFP tolls the ninety day limit to file suit. *See, e.g., Ruiz v. Vilsack,* 763 F. Supp. 2d 168, 173 (D.D.C. 2011).

What is not well settled in this Circuit is whether the ninety day period begins to run again once the Court denies the IFP application, or once the plaintiff receiving notice that his or her application has been denied. *Nkengfack*, 2011 WL 4894227, at *4-6 (examining cases). However, the Court need not reach that issue in this case. If the limitations period began to run once Plaintiff received notice that her application had been denied, the clock began to run anew no earlier than January 29, 2011, according to Plaintiff's best recollection. Assuming Plaintiff received the notice on January 31, 2011—twelve days after the application was denied by the Court—the ninety day window expired on February 12, 2011. Yet Plaintiff failed to resubmit

her Complaint with the filing fee until ten days later, on February 22, 2011. *See* Compl. at 1. Plaintiff provides no explanation for the delay, falling far short of demonstrating the "extraordinary" circumstances that might warrant exercise of the Court's equitable tolling power. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579-80 (D.C. Cir. 1998) ("The court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances.").

The cases Plaintiff cites are consistent with the Court's conclusion in this case. In *Ficken v. AMR Corp.*, 578 F. Supp. 2d 134 (D.D.C. 2008), Judge Ricardo M. Urbina found that the statute of limitations governing plaintiff's claims was tolled when the plaintiff in that case filed the complaint along with a request to proceed *in forma pauperis*. *Id.* at 142. Judge Urbina found that the limitations period was further tolled while the plaintiff's motion to reconsider the denial of his request was pending, and did not begin to run again until the Court ruled on his motion to reconsider. *Id.* The plaintiff in *Ficken* ultimately filed his complaint before the statute of limitations expired. *Id.* Contrary to Plaintiff's assertion, under *Ficken*, Plaintiff's Complaint would only be considered timely if it had been filed within the twelve days remaining in the ninety day period after it resumed when she received notice her application had been denied.

The court in *Robinson v. Doe*, 272 F.3d 921 (7th Cir. 2001) never reached the issue of the statute of limitations as applied to Mr. Robinson's complaint. *Id.* at 924. Rather, the court dismissed the complaint for want of prosecution because the plaintiff failed to timely respond to defendants' motion to dismiss the complaint as untimely. However, the Seventh Circuit previously held, as the Court does here, that once the plaintiff's application to proceed IFP is denied, he or she "must pay the docket fee within the remainder of the period of limitations."

*Williams-Guice v. Bd. of Educ. of City of Chicago*, 45 F.3d 161, 165 (7th Cir. 1995).

Several of the cases cited by Plaintiff in essence found that the statute of limitations was tolled based on equitable principles for conduct outside the plaintiff's control. For example, in *Barnes v. United States*, No. 01-3202, 2004 WL 2203456 (D. Kan. Sept. 27, 2004), the court held the defendant timely filed his complaint, even though the filing fee was not submitted for another six months. *Id.* at *5. Because the defendant faced administrative difficulties in obtaining the check for the filing fee since he was incarcerated, the court found the statute of limitations was tolled during the time it took him to acquire the check. *Id.* Similarly, in *McDowell v. Delaware State Police*, 88 F.3d 188 (3d Cir. 1996), the court excused plaintiff's failure to timely file his complaint because (1) the Clerk improperly refused to docket plaintiff's complaint, which was styled as a "motion for compensation," and (2) plaintiff was incarcerated for much of the time period between the Clerk's rejection of his complaint and when he resubmitted the complaint for filing. *Id.* at 190-91. Moreover, unlike in this case, the Court ultimately granted the plaintiff's request to proceed IFP. *Id.* at 191. However, the court in *Rogers ex rel. Jones v. Bowen*, 790 F.2d 1550 (11th Cir. 1986), did not temporarily toll the statute of limitations. Instead it concluded that the initial filing of the complaint permanently tolled the statute. *Id.* at 1552. This case is simply inconsistent with the case law in this jurisdiction indicating that the initial filing of the Complaint with an application to proceed IFP only temporarily tolls the ninety day window plaintiffs have to file suit upon receipt of a right to sue letter from the EEOC. Once her application to proceed IFP was denied, Plaintiff failed to re-file her Complaint before the previously tolled limitations period expired, and therefore must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's [7] Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration is GRANTED IN PART and DENIED IN PART.  Defendant's motion to dismiss Plaintiff's Complaint as untimely, which the Court treats as a motion for summary judgment, is GRANTED.  Plaintiff failed to file suit within 90 days after receiving either of the right to sue letters issued by the EEOC.  Thus the Complaint was not timely filed, and the case must be dismissed.  Defendant's motion to compel arbitration is therefore DENIED AS MOOT.

An appropriate Order accompanies this Memorandum Opinion.

Date:   January 17, 2012

>                                   /s/
>     **COLLEEN KOLLAR-KOTELLY**
>     United States District Judge